Gevorg ARTSRUNI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–76628.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 13, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homayun Zadeh, Esq., Law Office of Homayun Zadeh, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Andrew C. MacLachlan, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Jerry R. Demaio, Esq., U.S. Department of Justice, Criminal Division, Mark A. Maldonado, Esq., DOJ—U.S. Department of Justice, Counterterrorism Section/Criminal Div., Washington, DC, for Respondent.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Gevorg Artsruni, a native of the former Soviet Union and a citizen of Armenia, petitions for review of the denial of his application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition in part and remand.

Where the BIA summarily affirms the decision of the IJ, we review the IJ's decision as the final agency determination.

** This disposition is not appropriate for publication and is not precedent except as provid-

*Zehatye v. Gonzales,* 453 F.3d 1182, 1184 (9th Cir.2006).

We review for substantial evidence the determination that a petitioner is ineligible for relief and will grant the petition only if the evidence compels a contrary conclusion. *Id.* at 1185.

Substantial evidence supports the IJ's conclusion that Artsruni has not shown persecution based on a protected ground. The evidence does not compel the conclusion that Artsruni expressed any political opinion or neutrality when he merely refused to divulge information to governmental authorities. *See Borja v. I.N.S.,* 175 F.3d 732, 736 (9th Cir.1999) (en banc) (finding petitioner expressed political neutrality by articulating her opposition). Further, Artsruni's own testimony regarding the authorities' motivation in questioning him indicates that the authorities did not impute a political opinion to him. *See Canas–Segovia v. I.N.S.,* 970 F.2d 599, 602 (9th Cir.1992).

Because Artsruni's asylum petition fails, his petition for withholding of removal also fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence supports the IJ's conclusion that Artsruni's mistreatment by Armenian authorities did not amount to torture. *See Kumar v. Gonzales,* 444 F.3d 1043, 1055 (9th Cir.2006). The IJ did not consider, however, evidence of the authorities' continued interest in Artsruni and whether it is more likely than not that they would torture him to induce his testimony. We grant the petition as to the CAT claim and remand for further proceedings so that all evidence can be properly considered. *See Kamalthas v. I.N.S.,* 251 F.3d 1279, 1284 (9th Cir.2001) (re-

ed by 9th Cir. R. 36–3.

manding CAT claim for proper consideration of country conditions).

PETITION FOR REVIEW GRANTED IN PART; REMANDED.